UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.06-10035-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

CHADIEL MIRANDA-TORNA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference, the Court has received the defendant Miranda-Torna's Motion to Withdraw Plea After Imposition of Sentence [DE 60, 61] and the government's response in opposition. Essentially, the defendant seeks relief because the sentence imposed was different than what he anticipated. For reasons set forth herein, the defendant's Motion should be denied.

## FACTUAL BACKGROUND

Pursuant to a Plea Agreement, the defendant, with the assistance of his attorney, entered a plea of guilty to the charges pending against him.[1] An examination of the Plea Agreement reveals the following: the defendant agreed that his sentence would be determined by the Court following a Pre-Sentence Investigation; and that the government would recommend that the defendant's sentence be imposed 'within the advisory sentencing guideline range produced by the application of the

---

[1] Defendant entered a plea of guilty to Counts 1 through 28 of the indictment, which charged knowingly encouraging and inducing aliens to come to, enter, and reside in the United States, knowingly and with reckless disregard of the fact that such entry would be in violation of 8 U.S.C. §1324(a)(1)(A)(iv).

Sentencing Guidelines.' The defendant, in the agreement, agreed that the Court has authority to impose any sentence within and up to the applicable statutory maximum of five years imprisonment, and that he could not withdraw his plea as a result of the sentence imposed; the defendant acknowledged that he could receive up to five years imprisonment.

The Plea Agreement recommended a guideline range of Level 18, and in the event the defendant received a three-level reduction for acceptance of responsibility, a guideline range of 15. The defendant's PSI stated that the defendant had a subtotal of three criminal history points and a criminal history category of II. Based upon such determinations, the defendant would have received a sentence of 21 to 27 months. Probation, however, enhanced the defendant's guidelines with a two-level raise "because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury." U.S.S.G. §2L1.1(b)(6). At no time did the defendant object to such enhancement. Based upon the enhancement, the defendant's guidelines then became 27 to 33 months. The defendant was sentenced to 33 months, a sentence within the guideline range.

At the change of plea hearing, the Court reviewed the terms of his plea agreement with the defendant, who acknowledged that he understood such terms and still wanted to persist in his guilty plea.

## DISCUSSION

Following imposition of sentence, a motion to withdraw a plea of guilty is reviewed on a plain error standard. *United States v. Vonn*, 535 U.S. 55,59,122 S.Ct. 1043 (2002). The district court's denial of such motion is subject to reversal only if four requirements are satisfied regarding plain error: (1) there must be an error; (2) such error must be "plain," meaning it must be "obvious" and

"clear under current law;" (3) the error must affect substantial rights of a defendant; and (4) such error must seriously affect the fairness, integrity, or public reputation of a judicial proceeding.

Rule 11(d) of the Federal Rules of Criminal Procedure requires a defendant, in pursuing his motion to withdraw a guilty plea, to show a fair and just reason for the withdrawal. The decision as to whether to permit a withdrawal of a guilty plea rests within the sound discretion of the District Judge and may only be overturned upon a showing that the court's ruling was arbitrary or unreasonable. *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004).

Here, the defendant has failed to satisfy any of the above-referenced four prerequisites. In these proceedings ,the defendant had close assistance of counsel who was present with the defendant when he executed the Plea Agreement, and entered the plea of guilty, which was, as acknowledged by the defendant, entered voluntarily and knowingly, resulting in the conservation of judicial resources because of the lack of necessity for a trial.

The defendant asserts that since he received a sentence higher than he had expected he should be allowed to withdraw his guilty plea. Such assertion flies in the face of language of the Plea Agreement entered into by the defendant in which the defendant acknowledged *inter alia*, at paragraph 3, that

> The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. **Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law**

3

**for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.**

Emphasis supplied.

The defendant, in executing the Plea Agreement, acknowledged in paragraph 4, that he could receive a sentence of up to 5 years, followed by a term of supervised release of up to one year.

In this cause the defendant misplaces reliance on the laws of the State of Florida. Such laws are not binding upon this Court in the context of this cause.

Further, there is no evidence to support the defendant's contention that the government represented that he would receive a sentence of from 18 to 24 months. The defendant, through his execution of the Plea Agreement, was fully aware that the ultimate sentence is imposed by the court, not the government. The intentions and objectives of the parties, as incorporated in the Plea Agreement, are at odds with the defendant's assertion that the parties intended that his sentence be in the 18 to 24 month range. No such recommendations or references were made by the government to the defendant.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above, and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Miranda-Torna's Motions to Withdraw Plea After Imposition of Sentence be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal

the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 26th day of September, 2007.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE